IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DOYLE MURPHY,           )
                               )    6: 12-cv-00350-JO
        Petitioner,            )
                               )
    v.                         )
                               )
OREGON BOARD OF PAROLE and     )
POST-PRISON SUPERVISION,       )    OPINION AND ORDER
                               )
        Respondent.            )

  Anthony D. Bornstein
  Federal Public Defender's Office
  101 S.W. Main Street, Suite 1700
  Portland, Oregon 97204

        Attorney for Petitioner

  Ellen F. Rosenblum
  Attorney General
  Samuel A. Kubernick
  Assistant Attorney General
  Department of Justice
  1162 Court Street NE
  Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner, a former inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2008 decision of the Oregon Board of Parole and Post-Prison Supervision (the "Board") to deny re-release following a parole revocation and to order an additional term of imprisonment. For the reasons that follow, the Court DENIES the Petitioner for Writ of Habeas Corpus as MOOT.

## BACKGROUND

In 1976, petitioner pled guilty to murder and was sentenced to life with the possibility of parole. In 2007, the Board released him on parole. Thereafter, in January 2008, following a hearing, the Board revoked petitioner's parole for violating a condition of his parole prohibiting him from possessing or using alcoholic beverages and ordered him to serve an additional 60 months of imprisonment.

Petitioner sought administrative review of the Board's 2008 revocation decision, but the Board denied relief. Respondent's Exhibit 104 at 220-254. Petitioner filed for judicial review, but the Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. Murphy v. Board of Parole, 243 Or.App. 242, 259 P.3d 97 (2011); Respondents' Exhibits 110-113.

On February 27, 2012, petitioner filed this action. In his Petition for Writ of Habeas Corpus, petitioner raises the following grounds for relief:

1. Is the Board required by ORS.144.395 to establish rules governing the re-release of parolees whose paroles have been revoked under OAR 255-75-096 (2/28/1985), and if it is, has the Board established the required rules?

2. Is a parole condition requiring a parolee to "not possess or use intoxicating beverages" unconstitutionally vague in violation of the Due Process Clause of the **Fourteenth Amendment to the United States Constitution**?

3. Was the Board's decision to order petitioner's re-incarceration supported by substantial evidence?

4. Was the Board's finding of aggravation authorized by the Board's rules?

5. Was it a violation of the Due Process Clause of the **Fourteenth Amendment to the United States Constitution** for the Board to have used petitioner's use of alcohol both as a basis to revoke his parole and as a basis to deny his release?[1]

In view of the fact that petitioner was released from prison on November 29, 2012, respondent moves the Court to dismiss this action with prejudice on mootness grounds.

## DISCUSSION

A. **Standards**.

The case or controversy provision of Article III, § 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to

---

[1] Because the Court does not reach the merits of petitioner's claims, it declines to include here the lengthy supporting facts set forth in the Petition. See Petition [2] at 25-35.

3 - OPINION AND ORDER

have a 'personal stake in the outcome' of the lawsuit." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (quoting <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-478 (1955)). This means that, throughout the litigation, petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Id</u>. (quoting <u>Lewis</u>, 494 U.S. at 477). Whether a case does not meet the case-or-controversy requirements of Article III, and is thus moot, is a question of federal law upon which the federal court "must pronounce final judgment." <u>Liner v. Jafco</u>, 375 U.S. 301, 304 (1964) (citing <u>Love v. Griffith</u>, 266 U.S. 32 (1924)).

Assuming the "in custody" requirements of 28 U.S.C. § 2254 were met at the time of filing of a petition for writ of habeas corpus, a parolee's challenge to the legality of the underlying conviction always satisfies the case or controversy requirement. <u>Id</u>. This is so because "collateral consequences" of the conviction result in "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed upon him." <u>Carafas v. LaValle</u>, 391 U.S. 234, 237 (1968) (quoting <u>Fiswick v. United States</u>, 329 U.S. 211, 222 (1946)). Thus, the fact that a habeas petitioner's sentence expires during the pendency of his habeas case attacking the validity of his conviction does not render the petition moot.

The presumption of collateral consequences does not, however, necessarily extend to other contexts. A petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the term imposed for violating parole has been served. Spencer, 523 U.S. at 14-18; see also Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987) (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served). Likewise, a petition challenging a Board decision to delay release on parole is rendered moot by the petitioner's subsequent release. Burnett v. Lampert, 432 F.3d 996, 2005 WL 3527123, *4 (9th Cir., Dec. 27, 2005).

B. **Analysis**.

Although respondent indicates that counsel for petitioner objected to the motion to dismiss, petitioner failed to respond to that motion. However, in a separate habeas action challenging the Board's 2008 parole revocation decision, Murphy v. Premo, 6: 11-cv-00979-JO, petitioner argued that "[t]his Court could fashion a remedy to cure any period of invalid incarceration served by [him]." See Reply to Motion to Dismiss [40] at 2. Specifically, he suggested the Court could shorten his parole term or modify his parole status by requiring the Board to release him onto inactive supervision. According to petitioner, had the Board not revoked his parole, he may have been placed on inactive supervision by now. Id. at 4-5. Based on these assertions, petitioner argued he has a

5 - OPINION AND ORDER

"personal stake in the outcome," and his case is not moot. Id. at 3 (quoting Spencer, 523 U.S. at 7).

Even assuming petitioner had advanced these arguments in this case, the Court would find them unavailing. Under Oregon law, petitioner's underlying conviction determines the maximum duration of his sentence, and his ultimate sentence termination is not dependent on whether he was held in a prison as a parole sanction. Barnes v. Thompson, 159 Or.App. 383, 977 P.2d 431, 432 (1999). Similarly, the Oregon courts have determined they cannot order the Board to place a parolee on inactive status because such decision is left to the Board's discretion based on how the parolee has done on active supervision. The mere possibility that the Board might have changed an inmate from active to inactive supervision status is not the type of collateral consequence that would prevent a claim seeking immediate release from prison from becoming moot in the event the prisoner is released. Id. at 386-87. Based on this reasoning, it is clear that the injury for which petitioner seeks relief cannot be redressed by this Court. Accordingly, there is not a case or controversy and petitioner's claims are moot.

///
///
///
///
///

6 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, the Court GRANTS respondent's Motion to Dismiss [29], DENIES AS MOOT the Petition for Writ of Habeas Corpus and DISMISSES this action for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 28 day of January, 2013.

                                                  Robert E. Jones
                                                  United States District Judge